Kristapor Vartanian (SBN 275378)
kvartanian@kcozlaw.com
KABAT CHAPMAN & OZMER LLP
333 S. Grand Avenue, Suite 2225
Los Angeles, California 90071
T: (213) 493-3980
F: (404) 400-7333

Attorneys for Defendants
Randstad North America, Inc. and Randstad Inhouse Services, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUELO RICO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RANDSTAD INHOUSE SERVICES, LLC, a Delaware limited liability company; RANDSTAD NORTH AMERICA, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 5:21-cv-1325<br><br>(San Bernardino Superior Court Case No. CIV SB 2113559)<br><br>**NOTICE OF REMOVAL** |

# NOTICE OF REMOVAL OF ACTION

PLEASE TAKE NOTICE that Defendants Randstad North America, Inc. and Randstad Inhouse Services, LLC ("Defendants") hereby remove the below referenced action from San Bernardino County Superior Court in the State of California to the United States District Court for the Central District of California. Removal is based on 28 U.S.C. §§ 1332, 1441, and 1446 on the following grounds:

## PLEADINGS, PROCESS, AND ORDERS

1. On or about May 11, 2021, Plaintiff Consuelo Rico ("Plaintiff") commenced the above-styled action against Defendants in the Superior Court of the State of California for the County of San Bernardino, Case No. CIV SB 2113559 (the "State Court Action"). Defendants were served with a copy of the Summons and Complaint on July 7, 2021. A true and correct copy of the Summons and Complaint as served on Defendants is attached hereto as **Exhibit A**. *See also* Pl.'s Proofs of Service, true and correct copies of which are attached hereto as composite **Exhibit B**. On August 5, 2021, Defendants filed their Answer in the State Court Action denying Plaintiff's allegations and raising various defenses thereto. A true and correct copy of Defendants' Answer is attached hereto as **Exhibit C**. A copy of the remaining portions of the file obtained from the San Bernardino County Superior Court is attached to this Notice as composite **Exhibit D**.

2. This Court has federal diversity jurisdiction over this claim as set forth in 28 U.S.C. § 1332. Federal diversity jurisdiction requires that the amount in controversy equal or exceed $75,000 and that the parties be citizens of different states. 28 U.S.C. § 1332. As shown below, both of those requirements are met here.

## DIVERSITY OF CITIZENSHIP

3. Plaintiff alleges that she is an individual resident of Riverside County, California. (*See* Ex. A, Complaint ("Compl.") ¶ 2.)

4. Defendant Randstad North America, Inc. is a Delaware corporation with its principal place of business in Georgia. (**Exhibit E**, Declaration of Karen Lubrano ("Lubrano Decl."), filed contemporaneously herewith, ¶ 3; *see* Ex. A, Compl. ¶ 4.)

5. Defendant Randstad Inhouse Services, LLC is a Delaware limited liability company, wherein 99.9% of its membership interest is held by Randstad North America, Inc. (which, as discussed in Paragraph 4 above, is a Delaware corporation with its principal place of business in Georgia), and 0.1% of its membership interest is held by Randstad General Partner (US), LLC, a Delaware limited liability company whose sole member is also Randstad North America, Inc. (Ex. E, Lubrano Decl. ¶ 4; *see also* Ex. A, Compl. ¶ 3); *see Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("an LLC is a citizen of every state of which its owners/members are citizens").

6. Therefore, because Plaintiff is a citizen of California, Defendant Randstad North America, Inc. is a citizen of Georgia and Delaware, and Defendant Randstad Inhouse Services, LLC is a citizen of Georgia and Delaware, complete diversity exists between the parties for purposes of federal diversity jurisdiction.

## AMOUNT IN CONTROVERSY

7. In the Complaint, Plaintiff seeks, among other things, recovery for the following: (1) alleged disability or medical condition (actual or perceived) discrimination in violation of California's Fair Employment and Housing Act, Cal. Gov't Code §§ 12940 *et seq.* ("FEHA"); (2) alleged retaliation in violation of FEHA; (3) alleged failure to prevent discrimination and retaliation in violation of FEHA; (4) alleged failure to provide reasonable accommodations in violation of FEHA; (5) alleged failure to engage in a good faith interactive process in violation of FEHA; and (6) alleged wrongful termination in violation of public policy. (Ex. A, Compl.)

8. Plaintiff is seeking the following categories of damages and equitable relief against Defendants:

    a. Past and future lost wages and benefits;

      b. Damages for loss or diminution of earning capacity;

      c. Damages for pain and suffering (including "severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments" and "emotional and mental distress and aggravation");

      d. Medical expenses;

      e. Expenses for psychological counseling and treatment;

      f. Punitive damages;

      g. Attorneys' fees and costs;

      h. Interest (pre- and post-judgment);

      i. Injunctive relief;

      j. Declaratory relief; and

      k. Any other relief that is just and proper.

(Ex. A, Compl. at ¶¶ 38-45, 52-57, 61-66, 73-78, 85-90, 99-103 & pp. 16-17 (*ad damnum* clause).)

    9. Despite the numerous categories of damages Plaintiff is seeking to recover, she has not pled a total specific amount of damages. The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff, however, does not deprive this Court of jurisdiction. *See Saulic v. Symantec Corp.*, No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, at *5 (C.D. Cal. Dec. 26, 2007) (defendant may remove suit to federal court notwithstanding failure of plaintiff to plead specific dollar amount in controversy; if rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar amount upon its claim"). Defendants need only establish by a preponderance of the evidence that the claims exceed the jurisdictional minimum. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Saulic*, 2007 WL 5074883, at 5, 7. "This burden is not 'daunting.'" *Varsam v. Laboratory Corp. of Am.*, No. 14CV2719 BJM (JMA), 2015 WL 4199287, at *2 (S.D. Cal. July 13, 2015). The "ultimate inquiry is what

amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Muniz v. Pilot Travel Ctrs. LLC,* No. CIV.S-07-0325 FCB EFB, 2007 WL 1302504, at *3 (C.D. Cal. May 1, 2007) (*quoting Rippee v. Boston Market Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal.2005)); *see also Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1000-01 (C.D. Cal. 2002) (amount in controversy is reasonable reading of amount litigated, not low end of open-ended claim).

10. Although Defendants deny liability for all of Plaintiff's claims, Plaintiff's allegations of damages described above confirm that she is seeking more than $75,000 in damages, thereby exceeding the threshold for federal diversity jurisdiction. 28 U.S.C. § 1332(a). Defendants' discussion of Plaintiff's alleged damages below is not, and should not be construed as, an admission of liability or that Plaintiff is entitled to any of the relief she has requested (which Defendants specifically deny).

11. Plaintiff states her employment with Defendants ended on October 11, 2019. (Compl. ¶ 25.) Thus, it has been 95 weeks from the date Plaintiff's employment ended until the date of the filing of this Notice of Removal.

12. Plaintiff seeks damages for past lost wages. (Ex. A, Compl. at ¶¶ 38-39, 53-54, 62-63, 74-75, 86-87, 100-101 & p. 16 (*ad damnum* clause).) Plaintiff earned a total of $13,975.97 in 2019 over the course of 9 months and 11 days, meaning she was making approximately $17,962.07 per year ($345.42 per week). (Ex. E, Lubrano Decl. ¶ 5 at Ex. A.) Therefore, had Plaintiff's employment continued after October 11, 2019 and up to the date of the filing of this Notice of Removal, she would have earned back pay of at least $32,814.90 through the date of removal (95 weeks x $345.42 per week). *See Castanon v. Int'l Paper Co.*, No. 2:15-cv-08362-ODW(JC), 2016 WL 589853, at *3 (C.D. Cal. Feb. 2, 2016) (including in amount in controversy back pay from date medical leave started through date of removal).

13. Plaintiff also seeks damages for front pay and benefits, as well as for loss of future earning capacity. (Ex. A, Compl. at ¶¶ 38-39, 53-54, 62-63, 74-75, 86-87,

100-101 & p. 16 (*ad damnum* clause).) Courts have held that a one-year time period for such purported losses is "conservative." *Calhoun v. Consolidated Disposal Serv., LLC*, No. 19-2315, 2019 WL 2522677, at *3 (C.D. Cal. June 18, 2019) (holding one-year time period -- to trial -- for future lost wages is "conservative" and included in amount in controversy); *see also Stainbrook v. Target Corp.*, No. CV 16-90-ODW, 2016 WL 3248665, at *4 (C.D. Cal. June 8, 2016) (similar); *Huck v. Kone*, No. C 10-1845 RS, 2011 WL 31108, at *4 (N.D. Cal. Jan. 5, 2011) (holding that plaintiff was 52 and could potentially recover 13 years' of future wages). Considering a "conservative" one-year period for future lost wages as of the date of removal, Plaintiff's future lost wages are $17,962.07.

14. Plaintiff also seeks to recover damages for emotional distress/pain and suffering. (Ex. A, Compl. at ¶¶ 38, 40, 53, 55, 62, 64, 74, 76, 86, 88, 100, 102 & p. 16 (*ad damnum* clause).) "Emotional distress damages can be considered when calculating the amount in controversy even when the pleadings are vague as to the amount sought." *Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-cv-01945-JCS, 2016 WL 3902838, at *5 (N.D. Cal. July, 19, 2016) (adding amount of emotional distress damages in excess of $75,000 to less than $25,000 in back pay to meet amount-in-controversy requirement); *see also Castanon*, 2016 WL 589853, at *4 (combining emotional distress damages with back pay to meet amount-in-controversy requirement); *Perez v. BaxterHealthcare Corp.*, No. 2:12-cv-08075-ODW (SSx), 2012 WL 5373468, at *3 (C.D. Cal. Oct. 31, 2012) (same). A court may consider jury verdicts in analogous cases to show probable emotional distress damages. *Rodriguez*, 2016 WL 3902838, at *5. The cases, however, need not be perfectly analogous. *Id.*

15. As established by the verdicts in the cases cited herein, emotional distress damages in retaliatory discharge cases may be substantial and warrant the inclusion of **at least** $75,000.00 in the amount in controversy. *See Ko v. The Square Group, LLC*, No. BC 487739, 2014 WL 8108413 (Cal. Super. Ct. June 16, 2014) (jury awarded $125,000 in pain and suffering to plaintiff alleging discrimination and wrongful

termination claims under FEHA); *Ismen v. Beverly Hospital,* No. BC366198, 2008 WL 4056258 (Cal. Super. Ct. Aug. 13, 2008) (jury awarded $113,100 in emotional distress damages to medical records clerk asserting disability discrimination claims); *Kolas v. Access Business Group*, 2008 WL 496470 (Cal. Super. Ct. Jan. 14, 2008) (jury awarded $200,000 in emotional distress damages on FEHA disability retaliation claim); *Mena v. Albertsons LLC*, NO. CV 063964, 2008 WL 479278 (Cal. Super. Ct. May 2008) (jury awarded $148,000 pain and suffering in failure to accommodate case); *Garcia v. Elec. Ind. Serv. Bur., Inc.*, No. CGC-06-45480, 2007 WL 4954464 (Cal. Super. Ct. Oct. 2007) (jury awarded $200,000 pain and suffering in disability wrongful termination and failure to accommodate case); *Leuzinger v. County of Lake*, No. 4:06-cv-00398-SBA, 2007 WL 4859260 (N.D. Cal. Sept. 2007) (jury awarded $1,250,001 pain and suffering in failure to accommodate case); *Veltri v. AT&T*, No. CV 05-4630 PSG, 2007 WL 4954490 (C.D. Cal. June 2007) (jury awarded $1,368,000 pain and suffering in disability wrongful termination case); *Daniels v. CVS Procare Pharm.*, No. SFO342755, 2005 WL 4230112 (Cal. Super. Ct. Apr. 2005) (jury awarded $148,000 pain and suffering in failure to accommodate case); *Miller v. Lockheed Martin Corp.*, No. BC287797, 2005 WL 6284637 (Cal. Super. Ct. Oct. 2005) (jury awarded $300,000 pain and suffering in disability termination and failure to accommodate case); *Lowery v. YMCA of Redlands*, No. SCVSS 077343, 2002 WL 34468913 (Cal. Super. Ct. 2002) (jury awarded $625,000 pain and suffering damages in disability discrimination and failure to accommodate case); *Shay v. TG Construction, Inc.*, Case No. SC 028511 2002 WL 31415020 (Cal. Super. Ct. Jan. 2002) (jury awarded $137,500 in pain and suffering to plaintiff alleging disability discrimination); *Brooks v. City of Los Angeles*, No. BC217676, 2001 WL 36178496 (Cal. Super. Ct. June 2001) (jury awarded $500,000 pain and suffering in disability wrongful termination and failure to accommodate case); *Restivo v. Home Depot Corp.*, No. C-96-0764 SBA, 1997 WL 34504321 (N.D. Cal. July 1997) (jury awarded $472,800 pain and suffering in disability discrimination case); *see also Martin v.*

*Arrow Electronics, Inc.*, No. SACV041134, 2009 WL 2044626 (C.D. Cal. June 12, 2016) (jury awarded $300,000 for pain and suffering for allegations of, among others, disability discrimination, failure to accommodate, and wrongful termination); *Beasley v. East Coast Foods, Inc.*, No. BC 509995, 2015 WL 5678367 (Cal. Super. Ct. Sept. 8, 2015) (jury awarded $1,500,000 in pain and suffering to plaintiff asserting FEHA claims); *Liemandt v. Mega RV Corp.*, 2011 WL 2912831 (Cal. Super. Ct. Feb. 4, 2011) (jury awarded $385,000 in pain and suffering damages in FEHA age discrimination claim to plaintiff who was terminated after he returned to work following massive heart attack); *Morales v. L.A. Cnty. Metro. Transp. Auth.,* No. BC339557, 2008 WL 4488427 (Cal. Super. Ct. Aug. 19, 2008) (jury awarded $300,000 for past non-economic damages to terminated bus driver with carpal tunnel syndrome); *Rivera v. Costco Wholesale Corp.*, No. C 08-02202 CW, 2008 WL 2740399 at *3-4 (N.D. Cal. July 11, 2008) (summarizing jury verdicts in other FEHA cases – 3 cases involving emotional distress awards in excess of $200,000 – and holding that defendant met amount-in-controversy requirement); *Cortes v. Montebello Unified Sch. Dist.,* No. BC359419 (Cal. Super. Ct. May 27, 2008) (jury awarded $82,000 in past non-economic damages to injured teacher after school district insisted she teach despite being restricted to sedentary position); *Stevens v. Vons Companies, Inc.*, No. SC041162, 2006 WL 4543812 (Cal. Super. Ct. Oct. 2006) (jury awarded $475,000 in pain and suffering to plaintiff alleging sex discrimination and retaliation in violation of FEHA).

16. Plaintiff also seeks to recover punitive damages. (Ex. A, Compl. at ¶¶ 37, 41, 52, 56, 61, 65, 73, 77, 85, 89, 99, 103 & p. 17 (*ad damnum* clause).) Punitive damages may be considered when calculating the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002). Here, because Plaintiff pleads wrongful termination in violation of public policy and/or Civil Code § 3294, "punitive damages may properly be factored into the amount-in-controversy calculation."

*Rodriguez*, 2016 WL 3902838, at *5. There is no specific cap on the amount of punitive damages that may be awarded under Civil Code § 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). The amount of punitive damages may be established based on jury verdicts in analogous cases, and these cases need only "amply demonstrate the potential for large punitive damage awards in similar types of cases." *Rodriguez*, 2016 WL 3902838, at *6; *see also Kallen v. Tillamook Cnty. Creamery Ass'n*, No. 2:14-cv-04997-ODW (FFMx), 2014 WL 4284708, at * 3 (C.D. Cal. Sept. 4, 2014) (denying motion to remand disability discrimination case).

17. Jury verdicts in similar cases "amply demonstrate" that **at least** $75,000 should be attributed to the amount in controversy for Plaintiff's punitive damages claim here. *See*, *e.g.*, *Ko v. The Square Group, LLC*, No. BC 487739, 2014 WL 8108413 (Cal. Super. Ct. June 16, 2014) (jury awarded $500,000 in punitive damages in FEHA discrimination and wrongful termination case); *Ismen v. Beverly Hospital,* No. BC366198, 2008 WL 4056258 (Cal. Super. Ct. Aug. 13, 2008) (jury awarded $825,000 punitive damages to medical records clerk asserting disability discrimination claims); *Shay v. TG Construction, Inc.*, Case No. SC 028511, 2002 WL 31415020 (Cal. Super. Ct. Jan. 2002) (jury awarded $325,000 in punitive damages to plaintiff alleging disability discrimination); *Brown v. LNP Eng. Plastics, Inc.*, No. 760384, 1997 WL 462938 (Cal. Super. Ct. June 1997) (jury awarded $667,000 punitive damages in disability discrimination wrongful termination case); *Restivo v. Home Depot Corp.*, No. C-96-0764 SBA, 1997 WL 34504321 (N.D. Cal. July 1997) (jury awarded $1,200,000 punitive damages in disability discrimination case); *see also Leggins v. Thrifty Payless, Inc.*, No. BC 511139, 2015 WL 4748037 (Cal. Super. Ct. July 17, 2015) (jury awarded $5,000,000 in punitive damages to plaintiff in FEHA race and disability discrimination case); *Stevens v. Vons Companies, Inc.*, No. SC041162, 2006 WL 4543812 (Cal. Super. Ct. Oct. 2006) (jury awarded $475,000 in punitive damages to plaintiff alleging sex discrimination and retaliation in violation of

FEHA); *Hampton v. National Research Group*, No. BC 116069, 1996 WL 857009 (Cal. Super. Ct. Aug. 1, 1996) (jury awarded $300,000 and $350,000 in punitive damages, respectively, to two plaintiffs asserting discrimination and harassment claims); *Schell vs. City of Los Angeles*, No. CV0001454, 2001 WL 1720241 (C.D. Cal. 2001) (awarding $250,000 in punitive damages); *Escalante vs. Wilson's Art Studio*, No. 818748, 2001 WL 1104277 (Cal. Super. Ct. June 18, 2001) (awarding $85,000 in punitive damages); *Dackerman v. The Military Press*, No. 681021, 1996 WL 697486 (Cal. Super. Ct. Feb. 1996) (awarding $200,000 in punitive damages against former employer); *Maxwell v. Beverly Enterprises-California, Inc.*, No. 692589, 1995 WL 864851 (Cal. Super. Ct. Nov. 1995) (awarding $1,550,000 in punitive damages). Further, in *Kallen*, the Court held that it was plausible that the plaintiff alleging claims for disability discrimination, failure to accommodate and failure to engage in good faith interactive process could be awarded in excess of $75,000 in punitive damages based on jury verdicts in two cases involving analogous claims. *Kallen*, 2014 WL 4384708, at *3.

18. Plaintiff's claim for attorneys' fees further increases the amount in controversy above the $75,000 threshold. It is well settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages *as well as* attorneys' fees. *See, e.g., Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be considered to determine jurisdictional amounts). Plaintiff seeks attorneys' fees in this case. (Ex. A., Compl., ¶¶ 42, 57, 66, 78, 90 and p. 17 (at ¶ 6).) In *Castanon*, the Court attributed $30,000.00 to the amount in controversy in a case alleging disability discrimination, failure to accommodate and retaliation, reasoning that this amount, based on 100 hours at $300.00 per hour, was a "conservative estimate." *Castanon*, 2016 WL589853, at *4; *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC (RNVx), 2014 WL 248344, at *5 (C.D. Cal. May 30, 2014)

(counting $30,000 in attorney fees in FEHA case based on 100 hours of time at $300 per hour).

19. Based on the foregoing, Defendants have demonstrated that the amount in controversy in this case exceeds the jurisdictional requirement of $75,000.00 as follows:

| | |
|---|---|
| Back pay through date of removal: | $32,814.90 |
| Front pay/loss of economic opportunity (one year from date of removal): | $17,962.07 |
| Emotional distress damages: | $75,000.00 |
| Punitive damages: | $75,000.00 |
| Attorney fees: | <u>$30,000.00</u> |
| TOTAL AMOUNT IN CONTROVESY: | $230,776.97 |

20. Accordingly, this Court has diversity jurisdiction over Plaintiff's claims in this case, and this action is removed properly to this Court.  28 U.S.C. § 1446(a).

## TIMELINESS OF REMOVAL

21. Plaintiff served the Summons and Complaint on each of the Defendants on July 7, 2021.  This Notice of Removal is timely in that it has been filed within thirty (30) days of the effective date of service.

## NOTICE TO PLAINTIFFS

22. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be served on Plaintiff's counsel of record.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for San Bernardino County Superior Court.

**WHEREFORE**, for the foregoing reasons, this Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332, and removal of the action to this Court is proper pursuant to 28 U.S.C. § 1441.  Accordingly, Defendants respectfully request that this action proceed in this Court.

| | | |
|---|---|---|
| 1 | DATED: August 6, 2021 | KABAT CHAPMAN & OZMER LLP |
| 2 | | /s/ Kristapor Vartanian |
| 3 | | By: _____ |
| | | Kristapor Vartanian |
| 4 | | |
| 5 | | Attorneys for Defendants |

# PROOF OF SERVICE

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 333 S. Grand Avenue Suite 2225, Los Angeles, California 90071.

On August 6, 2021, I served the foregoing document(s) described as **NOTICE OF REMOVAL TO FEDERAL COURT (inclusive of Exhibits) and Civil Cover Sheet CV-71** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es): SEE ATTACHED LIST

☒ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically emailed on the individual(s) listed on the attached mailing list.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on August 6, 2021, at Los Angeles, California.

Windy Thor

## SERVICE LIST

Jace H. Kim, Esq.
Carlos Andres Perez, Esq.
Javier Ramirez, Esq.
THE DOMINGUEZ FIRM, LLP
3250 Wilshire Blvd, Suite 1200
Los Angeles, CA 90010