# Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
RANDSTAD INHOUSE SERVICES, LLC, a Delaware limited liability company; RANDSTAD NORTH AMERICA, INC., a Delaware corporation; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CONSUELO RICO, an individual,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 22 2021

BY ANTHONY MARTINEZ, DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: *(El nombre y dirección de la corte es):* San Bernardino County Superior Court
Civil Division
247 W 3rd Street, San Bernardino, CA 92415

CASE NUMBER *(Número del Caso):* CIVSB2113559

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jace H. Kim, Esq.; The Dominguez Firm, LLP; 3250 Wilshire Boulevard, Suite 1200, Los Angeles, CA 90010; (213) 381-4011

DATE: MAY 22 2021 Clerk, by Anthony Martinez , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL] COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: Randstad Inhouse Services, LLC, a delaware Limited liability company
   under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [X] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify)*:
4. [X] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Jace H. Kim, Esq. (SBN 282039)
Jace.Kim@Dominguezfirm.com
Carlos Andres Perez, Esq. (SBN 285645)
Carlos.Perez@Dominguezfirm.com
Javier Ramirez, Esq. (SBN 249516)
Javier.Ramirez@Dominguezfirm.com
THE DOMINGUEZ FIRM, LLP
3250 Wilshire Boulevard, Suite 1200
Los Angeles, CA 90010
Telephone: (213) 381-4011
Facsimile: (213) 201-8212

Attorneys for Plaintiff,
CONSUELO RICO

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 11 2021

BY _____
ANTHONY MARTINEZ, DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO, CIVIL DIVISION

| | |
|---|---|
| CONSUELO RICO, an individual,<br><br>                Plaintiff,<br><br>v.<br><br>RANDSTAD INHOUSE SERVICES, LLC, a Delaware limited liability company; RANDSTAD NORTH AMERICA, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>                Defendants. | Case No. **CIV SB 2113559**<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br>2. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br>3. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);**<br>4. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br>5. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.; AND**<br>6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br><br>            **DEMAND OVER $25,000**<br><br>            **[DEMAND FOR JURY TRIAL]** |

**COMES NOW Plaintiff**, CONSUELO RICO, and for causes of action against Defendants and each of them, alleges as follows:

### JURISDICTION

1. This Court is the proper court, and this action is properly filed in the County of San Bernardino, because Defendants' obligations and liability arise therein, because Defendants transact business within the County of San Bernardino, and because the work that is the subject of this action was performed by Plaintiff in the County of San Bernardino.

### THE PARTIES

2. Plaintiff at the time of the filing of this complaint, is a resident of the County of Riverside, State of California.

3. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant RANDSTAD INHOUSE SERVICES, LLC was and is a Delaware limited liability company, doing business in the County of San Bernardino, State of California.

4. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant RANDSTAD NORTH AMERICA, INC. was and is a Delaware corporation, doing business in the County of San Bernardino, State of California.

5. Defendants RANDSTAD INHOUSE SERVICES, LLC and RANDSTAD NORTH AMERICA, INC. (hereinafter collectively referred to as "Defendants"), were Plaintiff's employer, joint employer and/or special employer within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employs five (5) or more persons and are therefore subject to the jurisdiction of this Court.

6. At all times relevant herein, Defendants were Plaintiff's employer, joint employer and/or special employer and are liable to Plaintiff on that basis.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this

complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants are responsible for the wrongful acts alleged herein, and are therefore liable to Plaintiff as alleged hereinafter.

8. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of Defendants, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of Defendants.

9. Plaintiff is informed and believes, and based thereupon alleges, that Defendants and defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants and defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

10. Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by Defendants and DOES 1-20 acting individually, jointly and severally.

11. Plaintiff has filed complaints of discrimination, retaliation, failure to prevent discrimination, and/or retaliation, and termination and/or wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH"), and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

///
///

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

12. Plaintiff is informed and believes, and based thereupon alleges, that there exists such a unity of interest and ownership between Defendants and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

13. Plaintiff is informed and believes, and based thereupon alleges, that despite the formation of purported corporate existence, Defendants and DOES 1-20 are, in reality, one and the same.

14. Accordingly, Defendants and DOES 1-20 constitute the alter egos of one another, and the fiction of their separate corporate existence must be disregarded.

15. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereupon alleges that Defendants and DOES 1-20 are Plaintiff's joint employers by virtue of one or more joint corporations, businesses, or enterprises, and that Plaintiff was an employee of Defendants and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants and DOES 1-20's businesses were and are conducted.

16. Alternatively, Plaintiff is informed and believes, and based thereupon alleges, that as and between Defendants and DOES 1-20, (1) there is an express or implied agreement of assumption pursuant to which Defendants and DOES 1-20 agreed to be liable for the debts of each other, (2) the transaction between Defendants and DOES 1-20 amounts to a consolidation or merger of the two or more businesses or corporations, (3) Defendants and DOES 1-20 are mere continuations of each other, or (4) the transfer of assets to Defendants and DOES 1-20 are for the fraudulent purposes of escaping liability for each other's debts. Accordingly, Defendants and DOES 1-20 are the successors of each other, and are liable on that basis.

## FACTUAL ALLEGATIONS

17. In or around February 2017, Plaintiff was hired by Defendants as a warehouse worker. At all relevant times, Plaintiff was a full-time, non-exempt employee.

///

///

18. On or about June 5, 2017, while at work, Plaintiff suffered a disabling work-related injury to her shoulders. Plaintiff's injury limited her ability to perform the major life activity of work and therefore constituted a disability. Plaintiff immediately reported her injury to Defendants.

19. Defendants subsequently sent Plaintiff to a doctor for medical treatment. Plaintiff's doctor placed her on modified work duties including limited use of right shoulder, no forceful pulling, no overhead work, no squeezing with right shoulder, as well as no lifting, pushing, or pulling over 10 pounds. Also, plaintiff was to use a sling as needed. Plaintiff promptly turned in her medical note setting forth her work restrictions to Defendants, and requested help performing her job duties.

20. Throughout the next months, Defendants were kept abreast of Plaintiff's ongoing medical treatment.

21. Thereafter, on or about September 14, 2018, Plaintiff received surgery on her shoulder to treat her work-related injury. Plaintiff's doctor then placed her off work to recover from surgery and Defendants were kept apprised of her work status.

22. On or about September 20, 2018, Plaintiff's was cleared to return to work with modified work duties including no use of the right upper extremity. Also, Plaintiff was to always keep her shoulder immobilizer on. Plaintiff promptly turned in the medical note setting forth her work restrictions to Defendants.

23. Throughout the remainder of Plaintiff's employment, Defendants were kept abreast of her medical treatment and work status. Plaintiff also requested an accommodation due to her disability.

24. Then, on or about October 3, 2019, Plaintiff provided Defendants with an updated medical note outlining her work restrictions of no lifting, pushing, pulling, turning, or twisting over 20 pounds.

25. Nonetheless, on or about October 11, 2019, Defendants wrongfully terminated Plaintiff's employment ostensibly because there was no work for Plaintiff. Defendants failed to accommodate Plaintiff's disability, failed to discuss Plaintiff's restrictions with her, failed to address her concerns, and retaliated against her by terminating her employment.

26. As a result, Defendants constructively and/or wrongfully terminated Plaintiff's employment in or about October 11, 2019, after she informed Defendants of her real or perceived

disability and/or medical condition.

27. Defendants did not engage in an interactive process with Plaintiff, did not make an effort to accommodate Plaintiff's disability and/or medical condition, whether real or perceived, discriminated against Plaintiff, retaliated against Plaintiff, and constructively and/or wrongfully terminated Plaintiff's employment because of Plaintiff's real or perceived disability and/or medical condition and engagement in protected activity.

## FIRST CAUSE OF ACTION
## FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE

28. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

29. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants.

30. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

31. FEHA requires employers to refrain from discriminating against an employee on the basis of disability, and/or medical condition, real or perceived, and engagement in protected activities from occurring.

32. Plaintiff was a member of multiple protected classes as a result of her, disability or perceived disability, medical condition, or perceived medical condition and engagement in protected activities.

33. At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

34. Plaintiff suffered the adverse employment actions of unlawful discrimination and retaliation, failure to investigate, remedy, and prevent discrimination and retaliation, failure to reinstate and return to work, termination, and, and was harmed thereby.

35. Plaintiff is informed and believes that Plaintiff's disability or perceived disability,

medical condition or perceived medical condition, and engagement in protected activities, and some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

36. Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damages as stated below.

37. The foregoing conduct of Defendants individually, and/or by and through its officers, directors, and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried out by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

38. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

39. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

40. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this court.

41. Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

42. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION
## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE

43.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

44.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants.

45.     These laws set forth in the preceding paragraph require employers to refrain from retaliating against an employee for engaging in protected activity.

46.     Plaintiff engaged in the protected activities of requesting accommodation, requesting medical leave, exercising Plaintiff's right to medical leave and complaining about and protesting Defendants' discriminatory conduct towards Plaintiff based upon Plaintiff's disability, medical condition, real or perceived, and use of medical leave.

47.     Plaintiff suffered the adverse employment actions of unlawful discrimination and retaliation, failure to investigate, remedy, and prevent discrimination and retaliation, failure to reinstate and return to work, termination, and, and was harmed thereby.

48.     Plaintiff is informed and believes that Plaintiff's real or perceived disability, requests for accommodation, request for medical leave, exercise of Plaintiff's right to medical leave, complaints and protestations about Defendants' discriminatory conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

49.     Defendants violated the FEHA by retaliating against Plaintiff, and terminating Plaintiff's employment for attempting to exercise Plaintiff's protected rights, by taking medical leave, and requesting accommodation for Plaintiff's disability and/or medical condition as set forth hereinabove. Plaintiff's engagement in such protected activities were a substantial factor in Defendants' decision to subject Plaintiff to the aforementioned adverse employment actions.

50.     Plaintiff is informed and believes, and based thereupon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or

at the direction of Defendants and Defendants' Managers.

51. The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damages as stated below.

52. The foregoing conduct of Defendants individually, and/or by and through its officers, directors, and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried out by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

53. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

54. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

55. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this court.

56. Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

57. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

///
///
///

## THIRD CAUSE OF ACTION
## FOR FAILURE TO PREVENT DISCRIMINATION AND RETALIATION
## IN VIOLATION OF GOV'T CODE §12940(k)
## AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE

58. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

59. At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination and retaliation from occurring. As alleged above, Defendants violated this subsection and breached its duty by failing to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

60. The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damages as stated below.

61. The foregoing conduct of Defendants individually, and/or by and through its officers, directors, and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried out by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

62. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

63. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

64. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this court.

65. Because the acts taken toward Plaintiff were carried out by officers, directors and/or

managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

66. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FOURTH CAUSE OF ACTION
## FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
## IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE

67. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

68. At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants.

69. This subsection imposes an ongoing duty on employers to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

70. At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and/or a medical condition of which Defendants had both actual and constructive knowledge.

71. At all times herein, Plaintiff was willing and able to perform the duties and functions of alternative available positions to which Plaintiff was qualified, or could have performed the duties and functions of those positions with or without reasonable accommodation. At no time would the performance of the functions of the employment positions, with a reasonable accommodation for Plaintiff's disability and/or medical condition, actually or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety. Accommodation of Plaintiff's disability and/or medical condition, real or perceived by Defendants would not have imposed an undue hardship

on Defendants. Defendants failed and refused to accommodate Plaintiff's disability and/or medical condition, failed to engage in good faith in the interactive process with Plaintiff and continued to violate this obligation, through the present and ongoing.

72. The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damages as stated below.

73. The foregoing conduct of Defendants individually, and/or by and through its officers, directors, and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried out by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

74. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

75. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

76. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this court.

77. Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

78. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

# FIFTH CAUSE OF ACTION
## FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
### AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE

79. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

80. At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants.

81. This subsection imposes an ongoing duty on employers to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

82. At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and/or a medical condition of which Defendants had both actual and constructive knowledge.

83. Plaintiff reported the disability and/or medical condition to Defendants and requested accommodations, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so in good faith. Thereafter, despite Defendants' continuing obligation to engage in the interactive process with Plaintiff, and Plaintiff's desire to continue working in some capacity, Defendants failed and refused to act in good faith in its dialogue with Plaintiff, delayed the interactive process, and rejected all of client's suggestions of possible accommodations without any suggestion of any effective alternative. Defendants violated, and continued to violate this obligation through the present and ongoing.

84. The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damages as stated below.

85. The foregoing conduct of Defendants individually, and/or by and through its officers, directors, and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was

despicable conduct carried out by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

86. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

87. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

88. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this court.

89. Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

90. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SIXTH CAUSE OF ACTION
## FOR WRONGFUL TERMINATION
## IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA
## AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE

91. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

92. At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants. This law requires Defendants to refrain, among other things, from

-14-
COMPLAINT FOR DAMAGES

discriminating against any employee on the basis of disability or perceived disability, medical condition or perceived medical condition, and from retaliating against any employee who engages in protected activity.

93. At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of disability or perceived disability, medical condition or perceived medical condition, and/or engagement in protected activity.

94. Plaintiff believes and thereon alleges that Plaintiff's disability and medical condition, real or perceived, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

95. Such discrimination, and retaliation, resulting in the wrongful termination and/or constructive termination of Plaintiff's employment on the basis of Plaintiff's disability and medical condition, real or perceived, use of medical leave, engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

96. The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above. Defendants violated these laws by discriminating, and retaliating against Plaintiff, and terminating Plaintiff's employment in retaliation for exercise of protected rights.

97. At all times mentioned in this complaint, it was a fundamental policy of the State of California that employers cannot discriminate and/or retaliate against any employee in violation of FEHA.

98. Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's status as a protected member of multiple classes under the FEHA were a proximate cause in Plaintiff's damages as stated below.

99. The foregoing conduct of Defendants individually, and/or by and through its officers, directors, and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried out by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights

such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

100. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

101. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

102. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this court.

103. Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment against Defendants, in an amount according to proof, as follows:

1. For a monetary judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

3. For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

4. For injunctive relief barring Defendants' discriminatory employment policies and practices in the future;

5. For punitive damages, pursuant to Civil Code §3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

6. For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA and/or any other basis;

7. For post-judgment interest; and

8. For any other relief that is just and proper.

DATED: May 11, 2021                                     **THE DOMINGUEZ FIRM, LLP**

By: _____
Jace H. Kim, Esq.
Carlos A. Perez, Esq.
Javier Ramirez, Esq.
Attorneys for Plaintiff
CONSUELO RICO

## **JURY TRIAL DEMANDED**

Plaintiff CONSUELO RICO demands trial of all issues by jury.

DATED: May 11, 2021                                     **THE DOMINGUEZ FIRM, LLP**

By: _____
Jace H. Kim, Esq.
Carlos A. Perez, Esq.
Javier Ramirez, Esq.
Attorneys for Plaintiff
CONSUELO RICO